927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael A. RYLL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1612.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1991.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, No. 89-10209; Rosen, J.
 E.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Michael Ryll appeals the district court's grant of summary judgment upholding the Secretary's decision to deny disability benefits. Ryll disputes the administrative law judge's determination that he had residual functioning capacity to perform a limited range of sedentary work. Ryll also raises two issues on appeal not ruled upon by the district court: the administrative law judge failed to sufficiently document his clinical findings and the administrative law judge should have been disqualified due to bias. This court does not generally consider issues which have not been passed upon below. Pinny Dock & Transport Co. v. Penn Central Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 109 S.Ct. 196 (1988). Thus, we will limit our review to the issue of whether substantial evidence supports the Secretary's decision. We hold that the record contains sufficient evidence and affirm the district court.
 
 
 2
 Ryll was a maintenance worker for General Motors for a period of fifteen years. He stopped working in April of 1986 because of pain in his back and legs. Ryll had surgery for a lumbar herniated disc in 1983, but the herniation recurred and he repeated the surgery in May, 1986. In September, 1986, Ryll's surgeon, Dr. Vanasupa, diagnosed a reoccurrence of the lumbar disc herniation. In making his diagnosis, Vanasupa noted that Ryll had no sensory defects and that he could walk, climb stairs, and get on and off the examining table. Vanasupa also noted that Ryll had no gait abnormality. Ryll's treating physician, Lester Webb, diagnosed a herniated lumbar disc in October, 1986. Dr. Webb stated that Ryll was totally disabled. After episodic diagnoses and treatments from Drs. Vanasupa and Webb, Ryll was evaluated in July, 1988 by Dr. H.F. Labsan, a specialist in neurology and electroencephalography. Labsan reported that coordination tests were fairly well performed and that there was no abnormal change in muscle tone. Labsan added that Ryll's symptoms were mostly subjective and that there were "no objective findings to explain his symptoms."
 
 
 3
 On December 12, 1986, Ryll filed an application for social security disability benefits. The benefits were denied initially and upon reconsideration by the Social Security Administration. Ryll then requested a hearing and this hearing was held on August 14, 1987. The administrative law judge determined that Ryll retained the residual functioning capacity to perform light and sedentary work. The Appeals Council remanded that determination for a neurosurgical consultant examination and a medical assessment of Ryll's ability to perform work related activities. The administrative law judge held a second hearing on September 8, 1988, determining again that Ryll retained the residual functional capacity to perform a limited range of sedentary work. This decision was affirmed by the Appeals Council and Ryll then brought suit against the Secretary of Health and Human Services in the United States District Court. Although the magistrate recommended granting Ryll summary judgment, the district court found that substantial evidence supported the Secretary's decision.
 
 
 4
 Our review of the Secretary's decision is limited to the question of whether substantial evidence supports the administrative law judge's determination. 42 U.S.C. Sec. 405(g); McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1001 (6th Cir.1988). "Substantial evidence" has been defined by the Supreme Court to mean "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401 (1971). This means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Id. In making this review, we note that "determinations of credibility related to subjective complaints rest with the administrative law judge." Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 852 (6th Cir.1986).
 
 
 5
 Ryll claims to be disabled because of pain in his back and legs. When pain is the cause of the alleged disability, this Circuit has set forth the test as follows:
 
 
 6
 We examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 7
 Id. at 853 (emphasis added).
 
 
 8
 Dr. Labsan stated that "[Ryll's] symptoms are mostly subjective. There are no objective findings to explain his symptoms. I think there is a great deal of emotional overlay." The district court correctly noted the importance of the administrative law judge's credibility determinations based upon Ryll's subjective complaints of pain being inconsistent with his actual abilities. We reiterate that this type of credibility determination is to be made by the administrative law judge. Duncan, 801 F.2d at 852.
 
 
 9
 The district court also correctly dismissed Dr. Webb's conclusions that Ryll is currently disabled. As the district court noted, "Dr. Webb is a family physician, and there is no evidence that he has ever conducted anything more than a cursory examination of [Ryll], based, for the most part, upon [Ryll's] own subjective description of his symptoms." In Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985), we stated
 
 
 10
 [t]he medical opinions and diagnosis of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference. This is true, however, only if the treating physician's opinion is based on sufficient medical data. Ultimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician.
 
 
 11
 The administrative law judge does not disagree with Ryll's assertion that he is suffering from his herniated disc; he has merely ruled that Ryll's pain is not sufficient to prevent him from performing a limited range of sedentary work. Based upon the administrative law judge's credibility determination and Dr. Labsan's report, we hold that there is substantial evidence to support the Secretary's decision and, thus, AFFIRM the judgment of the district court.